J-S04035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVON JAMES VENABLE, | : | |
| | : | |
| Appellant | : | No. 421 WDA 2015 |

Appeal from the Judgment of Sentence January 29, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division, at No(s): CP-02-CR-0011210-2014

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 05, 2016**

Devon James Venable (Appellant) appeals from the judgment of sentence entered January 29, 2015, following his convictions for theft of property lost, mislaid, or delivered by mistake and receiving stolen property. We affirm.

On July 16, 2014, Lyle Monson arrived at the Pittsburgh International Airport with his wife. N.T., 1/29/2015, at 6-7. They proceeded to Uniontown, Pennsylvania, after obtaining a rental car. *Id.* at 7. On their way, they realized that their small green carry-on bag containing numerous personal effects, including a Samsung tablet, was missing. *Id.* at 7-8. Mr. Monson and his wife returned to the airport and, following their unsuccessful attempts at locating the bag, notified Mark Restori of the Allegheny County

*Retired Senior Judge assigned to the Superior Court.

Police, who was working at the airport as a patrol officer at the time. *Id.* at 9-10, 13-14.

Upon investigation, Officer Restori identified Appellant, who had also arrived in the Pittsburgh area by plane on the day in question, as a suspect. *Id.* at 14-16, 23. Officer Restori encountered Appellant at the airport days later when Appellant arrived for his return flight. *Id.* at 17. Appellant admitted to Officer Restori that he had taken the bag and then left it at a hotel on his way to Pittsburgh. *Id.* at 17, 20. Eventually, it was discovered that Appellant was in possession of certain items of Mr. Monson's, including the tablet. *Id.* at 17-19, 22. After Appellant's arrest, while they were en route to the Allegheny County Jail, Appellant identified a hotel as the one at which he left the green bag. *Id.* at 20. Officer Restori later returned to the hotel, where the bag containing more of Mr. Monson's belongings was found. *Id.* at 20-21. Ultimately, Mr. Monson retrieved the items and observed that the tablet had "a thousand -- over a thousand pictures uploaded and they were of varying degrees of vulgarity." *Id.* at 10-11, 35.

According to Appellant, he saw Mr. Monson's green bag upon locating his rental car. *Id.* at 24, 28-29. He took the bag in the car with him and began looking for someone to turn it in to. *Id.* In the process, he opened the bag to find out whose it was and left it unzipped; as a result, certain items fell out of the bag into the car. *Id.* at 25-26, 30-31. Appellant eventually dropped the bag off at a Marriott Hotel, which was the closest

business he could find.[1]  *Id.* at 24-25, 29-30.  Appellant stated that when he reached the Marriott, he zipped the bag, took it inside, left the bag at the counter, and exited without talking to anyone.  *Id.* at 25, 30-31.  Appellant further explained that he discovered the items that had fallen out when he was cleaning the vehicle at a gas station before he returned to the airport, at which point he put everything into his luggage.  *Id.* at 26-27, 31.  Appellant admitted that he did not contact the Marriott once he found the items to see if anyone had claimed the bag.  *Id.* at 32.  Appellant also admitted to "play[ing] with" the tablet.  *Id.*

Appellant was found guilty of the aforementioned crimes following a non-jury trial on January 29, 2015.  The matter immediately proceeded to sentencing, and the trial court sentenced Appellant to a one-year term of probation for his conviction of theft of property lost, mislaid, or delivered by mistake; no further penalty was imposed for Appellant's conviction of receiving stolen property.  Appellant then filed post-sentence motions, which the trial court denied on February 11, 2015.  This appeal followed.

On appeal, Appellant presents one issue for our consideration:  "Did the trial court abuse its discretion by allowing Commonwealth witness Lyle

---

[1] The bag and tablet were labeled with Mr. Monson's personal identification information.  N.T., 1/29/2015, at at 8-9, 19-20.  Although Appellant admitted to seeing a name and phone number on the bag, he explained that he did not call the number because he did not have a phone at the time and "was leaving it up to somebody else to call it in."  *Id.* at 25, 30.  Appellant further explained that he did not turn the bag in to the rental car company because he found it in the parking lot.  *Id.* at 24.

Monson to testify regarding the content of photographs without requiring the Commonwealth to present the original photographs at trial, in violation of Pa.R.E. 1002?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Our review of a trial court's ruling concerning the admission of evidence is well-settled:

> Admission of evidence rests within the discretion of the trial court, and we will not reverse absent an abuse of discretion. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Kinard***, 95 A.3d 279, 284 (Pa. Super. 2014) (*en banc*) (citation and internal quotation marks omitted).

The "best evidence rule," codified at Pa.R.E. 1002, provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. Pennsylvania Rule of Evidence 1004 further provides that "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if[, *inter alia*,] the writing, recording, or photograph is not closely related to a controlling issue." Pa.R.E. 1004(d). This Court has observed that "[i]f the Commonwealth does not need to prove the contents of the writing or recording to prove the elements of the offense charged, then the Commonwealth is not required to introduce the original writing or

recording." ***Commonwealth v. Dent***, 837 A.2d 571, 590 (Pa. Super. 2003); ***see also Commonwealth v. Janda***, 14 A.3d 147, 161-62 (Pa. Super. 2011) ("The best evidence rule applies where the contents of the item in question must be proven to make a case.").

Appellant's issue relates to the following exchange, which occurred upon the Commonwealth calling Mr. Monson on rebuttal:

> [The Commonwealth:]  Mr. Monson, I just have a few brief questions.  One follow-up question.
>     When you did get the tablet back from the detective did you have an opportunity to turn the tablet on and view the tablet?
>
> [Mr. Monson:]  I certainly did.
>
> [The Commonwealth:]  And did you observe any images uploaded to the tablet that you were unfamiliar with?
>
> [Appellant's Counsel:]  I would object under the best evidence rule[].  If she is going to offer any type of evidence regarding the picture, the picture no longer exists or are not -- presently cannot be introduced.
>
> The Court:  Overruled.
>
> [The Commonwealth:]  Were there any pictures of [Appellant] on the tablet?
>
> [Mr. Monson:]  I didn't know who [Appellant] was.  There was a thousand -- over a thousand pictures uploaded and they were of varying degrees of vulgarity.

N.T., 1/29/2015, at 34-35.

Appellant contends that the trial court abused its discretion by allowing Mr. Monson's testimony above without requiring the Commonwealth to

present the original photographs at trial, in violation of the best evidence rule. Appellant's Brief at 12. Appellant further argues that the testimony was not otherwise admissible under Pa.R.E. 1004. *Id.* at 16-18. In support of his argument, Appellant contends that the existence of the photographs and their content bore directly upon the determination of Appellant's intent, an element required to prove the offenses at issue.[2] *Id.* at 16-17. According to Appellant, Mr. "Monson's testimony that his tablet contained over a thousand vulgar photographs strongly suggested that [Appellant] had made the tablet his own," as demonstrated by the trial court's reasoning in reaching its verdict:

> I believe that gentleman, Lyle Monson, is honest, and he has come back here and he has told his story, and I believe that [Appellant] put perverted photos on, [*sic*] as this man said, which is evidence that he had no intent of returning it. I believe that he could have just left it there if he didn't want to take it. I

---

[2] The offense of theft of property lost, mislaid, or delivered by mistake is defined as follows:

> A person who comes into control of property of another that he knows to have been lost, mislaid, or delivered under a mistake as to the nature or amount of the property or the identity of the recipient is guilty of theft if, with intent to deprive the owner thereof, he fails to take reasonable measures to restore the property to a person entitled to have it.

18 Pa.C.S. § 3924. A person is guilty of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

think that but for the officer being vigilant, he would be in Mesa, Arizona with perverted pictures on this man's laptop – whatever, instrument. I find him guilty of both crimes.

*Id.* at 17-18 (quoting N.T., 1/29/2015, at 37).

Upon review, we conclude that Appellant's argument is without merit. The contents of the photographs found on Mr. Monson's tablet were not necessary to the Commonwealth's case against Appellant for the theft-related charges. That is, although Appellant's actions in putting photographs on the tablet evidenced his intent to keep the tablet, as indicated by the trial court, the Commonwealth was not required to prove the contents of the photos in order to establish that intent or any other element of the offenses at issue. Thus, the Commonwealth was not required to introduce the original photographs. *See Commonwealth v. Fisher*, 764 A.2d 82, 88-89 (Pa. Super. 2000) (concluding that the Commonwealth was not required to introduce original voicemail recordings of Appellant discussing the failure of his relationship with his fiancée, expressing anger over certain accusations, and taunting his fiancée, where the messages did not provide proof of the elements of the offenses charged, which were assault, endangering the welfare of a child, and possession of an instrument of crime).

Based on the above, the trial court did not abuse its discretion in allowing Mr. Monson's testimony regarding the photographs found on the tablet. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/5/2016